

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL E. McCULLOUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>AEGON USA, INC., AEGON USA, INC. BOARD OF DIRECTORS, PATRICK S. BAIRD, JAMES A. BEARDSWORTH, KIRK W. BUESE, TOM A. SCHLOSSBERG, ARTHUR C. SCHNEIDER, MARY TAIBER, JAMES R. TREFZ,<br><br>    Defendants. | Case No. CV 05-07215 DDP (CTx)<br><br>**ORDER GRANTING MOTION FOR CHANGE OF VENUE**<br><br>[Motion filed on April 3, 2006] |

This matter comes before the Court on the defendants' motion to change venue. After considering the parties' arguments, the Court grants the motion.

**I.   Background**

Randal McCullough is a former employee of Life Investors, a subsidiary of Aegon USA, Inc. ("Aegon USA"). Aegon USA sponsors two ERISA-covered retirement plans, the Aegon USA Pension Plan ("Pension Plan") and the Aegon USA 401(k) Plan ("Profit Sharing



1  Plan") (collectively the "Plans"). The plaintiff is a participant
2  in the Plans.
3      The plaintiff brings this suit pursuant to ERISA, 29 U.S.C. §§
4  1101, et seq., against thirteen defendants: (1) Aegon USA; (2) the
5  two directors of Aegon USA, Patrick Baird and James Beardsworth;
6  (3) the five trustees of the Plans, Kirk Buese, Tom Schlossberg,
7  Arthur Schneider, Mary Taiber and James Trefz[1]; and (4) five Aegon
8  USA affiliates, Transamerica Occidental Life Insurance Company
9  ("Transamerica Occidental"), Transamerica Life Insurance Company
10 ("Transamerica Life"), Transamerica Financial Life Insurance
11 Company ("Transamerica Financial"), Transamerica Investment
12 Management LLC ("TIM") and Diversified Investment Advisors, Inc.
13 ("Diversified") (collectively the "defendants").
14     Aegon USA is a holding company with no employees that is based
15 in Iowa. (Taiber Decl. ¶ 5.) The plaintiff, Baird and Beardsworth
16 all reside in Cedar Rapids, Iowa. (First Amended Complaint ("FAC")
17 ¶ 17; Taiber Decl. ¶ 6.) Two of the five trustees, Taiber and
18 Trefz, also reside in Cedar Rapids. Buese resides in Kentucky,
19 Schlossberg resides in South Carolina and Schneider resides in
20 Illinois. (Taiber Decl. ¶ 7.) (Id.) Transamerica Occidental and
21 Transamerica Life are Iowa corporations, but they have
22 administrative offices in Los Angeles. (Taiber Decl. ¶ 12; Eastus
23 Decl., Ex. A, Taiber Dep. at 54:18-19; 60:2-4.) TIM has its
24 headquarters in Los Angeles. (FAC ¶ 31.) Transamerica Financial
25 and Diversified are residents of New York. (Id. ¶ 32.)

---

[1] Schneider served as a trustee from May 2003 to May 2005. Diane Meiners replaced him as a trustee and she resides in Cedar Rapids. However, the plaintiff does not name Meiners as a defendant in this lawsuit.

The Pension Plan has group annuity contracts with Transamerica Occidental and Transamerica Life. (Id. ¶¶ 66, 71.) Pursuant to the contracts, Transamerica Occidental and Transamerica Life created investment funds for the Pension Plan. (Id. ¶¶ 67, 74.) TIM manages the investment funds in Los Angeles. (Id. ¶ 78.) Transamerica Occidental and Transamerica Life also charge the Pension Plan for various services under the group annuity contracts. The plaintiff alleges that these administrative functions take place in Los Angeles. (Id. ¶¶ 70, 76.) The Pension Plan has investment contracts with TIM and Diversified, and TIM manages the assets in Los Angeles. (Id. ¶¶ 78-79.)

The Profit Sharing Plan has a group annuity contract with Transamerica Financial. (Id. ¶¶ 56-57.) Diversified manages the assets in New York. In addition, the Profit Sharing Plan has an investment contract with Diversified, which manages the assets in New York. (Id. ¶¶ 57-58.)

The plaintiff alleges that the defendants acted as fiduciaries of the Plans and engaged in prohibited transactions by causing the Plans to invest in the Aegon USA-affiliated investment funds, to purchase Aegon USA-affiliated products and services, and to pay investment management and other fees to the affiliates. The plaintiff alleges that these transactions violate § 406 of ERISA, 29 U.S.C. § 1106, because they constitute sales or exchanges of property between the Plans and parties in interest, the furnishing of services by parties in interest to the Plans, and transactions with fiduciaries. (FAC ¶¶ 94-97.) The plaintiff also alleges that the defendants breached their fiduciary duties under ERISA by causing the Plans to invest in the Aegon USA-affiliated investment

3

funds and to pay investment management fees that were higher than fees available from unaffiliated investment managers of similar investment funds. (Id. ¶ 100.) The plaintiff alleges that the Plans' investment in the Aegon USA-affiliated funds demonstrates that the fiduciaries failed to consider and obtain less expensive funds and services. (Id.)

## II. Discussion

### A. Legal Standard for Change of Venue for Convenience

Motions for change of venue based on convenience are governed by 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." These three factors are construed broadly to allow the court to consider the specific facts that are appropriate in a given case. E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). The party seeking the transfer has the burden of showing a "clear balance of inconveniences" against it if the action remains in the original venue. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

The decision to transfer the case to another venue rests within the discretion of the trial court. Id. The Court must first determine whether the matter could have been brought in the district to which transfer is sought. Hoffman v Blaski, 363 U.S. 335, 343-44 (1960); Commodity Futures, 611 F.2d at 278-79. Specifically, the defendant must show that subject matter jurisdiction, personal jurisdiction, and venue would have been

4

proper if the plaintiff had filed the action in the district to which transfer is sought. See Hoffman, 363 U.S. at 343-344.

The Court must then determine whether the convenience of the parties and witnesses and the interest of justice warrant the transfer of the case to another venue. The Court may consider a number of factors in making this determination, including: (1) the respective parties' contacts with the forum; (2) the plaintiffs' choice of forum; (3) the relative ease of access to evidence; and (4) the location where the relevant agreements were negotiated and executed. Decker Coal Co., v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Zeta-Jones v. Spice House, 372 F. Supp. 2d 568, 575-76 (C.D. Cal. 2005).

B. Analysis of Convenience Factors

The defendants argue that the Court should transfer the case to the Northern District of Iowa pursuant to 28 U.S.C. § 1404(a). (Mot. 7.) The parties agree that the plaintiff could have brought this action in the Northern District of Iowa. (Mot. 8; Opp'n 10.) The Court must then determine whether the convenience of the parties and witnesses and the interest of justice warrant the transfer of the case to another venue. See 28 U.S.C. § 1404(a); Decker Coal Co., 805 F.2d at 843.

1. Plaintiff's Choice of Forum Is Not Entitled to Deference

In determining whether to transfer a case, courts give substantial weight to the plaintiff's choice of forum and will not order a transfer unless the convenience and justice factors strongly favor venue elsewhere. Securities Investor Protection Corp v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). A court will,

however, substantially reduce its deference to a plaintiff's choice of forum when: (1) the plaintiff does not reside in the venue, (2) the forum lacks a significant connection to the activities alleged in the complaint, or (3) there is any indication of forum shopping. Pacific Car and Foundry Co v. Pence, 403 F.2d 949, 954 (9th Cir. 1968); Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

The plaintiff resides in Iowa. Moreover, the plaintiff concedes that he will not suffer a hardship if the Court transfers the case. (Opp'n 11.) In this lawsuit, the plaintiff alleges that the defendants engaged in prohibited transactions by causing the Plans to invest in Aegon USA-affiliated investment funds in violation of § 406 of ERISA, 29 U.S.C. § 1106. The plaintiff also alleges that the defendants breached their fiduciary duties by causing the Plans to invest in the affiliated investment funds.

Aegon USA, an Iowa corporation, administers the Plans. (Taiber Decl. ¶ 5.) Specifically, Aegon USA completes the Plans' record keeping and benefit calculations in Iowa. Aegon USA pays all benefits under the Plans from Iowa. Further, the service call center for the Plans is located in Iowa. (Id.) The trustees of the Plans have authority and control over the Plans' investments and the selection and retention of service providers related to investments. (Id. ¶ 9.) Specifically, the trustees make all of the decisions regarding the investments for the Plans at issue in this case. (Id. ¶¶ 12-13.) The trustees make these decisions at meetings held in Iowa. (Id. ¶ 10.) Therefore, the conduct alleged by the plaintiff took place in Iowa.

The plaintiff argues that the conduct underlying this lawsuit took place in California. (Opp'n 7-8; 17.) The Pension Plan has group annuity contracts with two of the affiliates, Transamerica Occidental and Transamerica Life. Both affiliates have administrative offices in Los Angeles. (Eastus Decl., Ex. A, Taiber Dep. at 54:18-19; 60:2-4.) The parties executed the contracts in California. Further, the affiliates conduct contract administration duties in California. (Id. 43:14-25; 44:1-5; 58:18-25; 59:1-3.) TIM manages the investment funds in California. (Id. 64:18-25; 65:1-19.)

Evidence regarding the relationship between the Plans and the affiliates will assist the plaintiff in establishing liability for both claims. However, the conduct that took place in California is incidental to the allegations in this lawsuit, which concern decisions made in Iowa. Furthermore, the affiliates in California created investment funds for only one of the plans at issue, the Pension Plan. The affiliates that contracted with the Profit Sharing Plan are based in New York. For these reasons, the presence of the three Aegon USA affiliates in California does not outweigh the fact that the plaintiff lives in Iowa and that the lawsuit concerns the trustees' decisions in Iowa.

2. Convenience of Witnesses

In considering whether to transfer a case, courts must examine who the witnesses are, where they are located, what their testimony will be, and why such testimony is relevant or necessary. A.J. Indus. Inc. v. United States Dist. Ct., 503 F.2d 384, 389 (9th Cir. 1974). The parties seeking transfer have the obligation to identify key witnesses and present a statement of what their

testimony will generally include. <u>Cochran v. NYP Holdings, Inc.</u>, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998).

The defendants assert that it is difficult to know who will be called as witnesses in this case. (Mot. 9.) Presumably the trustees, who make the decisions regarding the Plans' investments, will be witnesses in this case. The trustees will likely provide testimony regarding the procedures used to select and monitor service providers, their consideration of fees in selecting investments and service providers, and their relationship with the Aegon USA affiliates. The trustees reside in Iowa or states in relatively close proximity to Iowa. The plaintiff argues that Aegon USA has substantial resources and can pay for their travel to California. (Opp'n 13.) All of the trustees live outside of California. Therefore, Aegon USA would incur significantly higher costs by paying for all of the trustees' travel expenses to California, rather than paying some of the trustees' travel expenses to Iowa. Therefore, this factor weighs in favor of transferring this case to Iowa.

The plaintiff argues that employees from the Aegon USA affiliates will provide relevant testimony regarding the fees charged to the Plans, the services provided under the various contracts, the relationship between the affiliates and the trustees, and how the Plans compared to other clients of the affiliates. (Opp'n 9.) Transamerica Financial and Diversified are based in New York; therefore, employees from both companies are also in New York. The Court finds that it is just as inconvenient for witnesses from these companies to travel to Iowa as it is for them to travel to California. Therefore, the convenience of these

1  witnesses is a neutral factor in determining whether to transfer
2  the case.
3      The employees from Transamerica Life, Transamerica Occidental
4  and TIM who will provide testimony are located in California.
5  However, the conduct underlying the two claims in this lawsuit
6  concerns the trustees' decisions in Iowa. The witnesses from the
7  three affiliates in California will not provide the central
8  testimony in this case. Therefore, the Court finds that the
9  inconvenience of having the trustees travel to California outweighs
10 any inconvenience that the witnesses from the affiliates in
11 California will incur by having to travel to Iowa. Accordingly,
12 the Court finds that the convenience of the witnesses weighs in
13 favor of transferring this case to Iowa.
14     The documentary evidence related to the trustees' decisions is
15 located in Iowa, and the evidence related to the affiliates'
16 contracts is located in New York and California. The Court finds
17 that the location of the evidence is a neutral factor. If the
18 Court transfers the case, the affiliates can easily send any
19 documentary evidence to Iowa. See, e.g. DirectTV v. EQ Stuff, 207
20 F. Supp. 2d 1077, 1083 (C.D. Cal. 2002).
21          3.   Interest of Justice
22     In making a § 1404(a) determination, courts must also consider
23 public interest factors such as "the administrative difficulties
24 flowing from court congestion; the local interest in having
25 localized controversies decided at home ... and the unfairness of
26 burdening citizens in an unrelated forum with jury duty." Decker,
27 805 F.2d at 843.
28

1   The plaintiff argues that there is a strong local interest in
2 maintaining this suit in California because thousands of
3 participants in the Plans reside in this district. (Opp'n 11.)
4 Many companies within the Aegon Group have adopted the Plans so
5 that their employees can participate in them. (Taiber Decl. ¶ 4.)
6 The outcome of this case will affect all participants of the Plans,
7 not just the participants located in this district. Further, the
8 lawsuit involves an Iowa plaintiff and an Iowa-based company and
9 its affiliates. The interest in having this case resolved in Iowa
10 weighs in favor of transfer.

## III. Conclusion

Based on the foregoing, the Court grants the defendants' motion to transfer this case to the Northern District of Iowa.

IT IS SO ORDERED.

Dated: 5-2-06

DEAN D. PREGERSON
United States District Judge